USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/29/2020

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

DAVID WEXLER,

                Plaintiff,

    against

HASBRO, INC.,

                Defendant,

Case No: 1:20-CV-01100-VEC

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, plaintiff David Wexler and defendant Hasbro, Inc. (collectively, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Designation of confidential or highly confidential documents or information ("Protected Information")

    a. Counsel for any party may designate any document or information, in whole or in part, that it is producing or otherwise making available as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as Confidential will be stamped "CONFIDENTIAL."

    b. Counsel for any party may designate any document or information, in whole or in part, that it is producing or otherwise making available as Highly Confidential–For Attorney or Expert Eyes Only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, the disclosure of which to a competitor would pose a particular risk to the designating party's interests. Information and documents designated by a party as Highly Confidential– For Attorney or Expert Eyes Only will be stamped "HIGHLY CONFIDENTIAL–FOR ATTORNEY OR EXPERT EYES ONLY."

  c. Consistent with the Court's order via telephonic conference call on July 9, 2020, the Parties shall confer in good faith to identify categories of documents that may warrant different confidentiality designations for different portions of a given document.

2. Any Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

4. Disclosure of Protected Information

  a. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    i. The requesting party and counsel, including in-house counsel;

    ii. Employees and agents of such counsel assigned to and necessary to assist in the litigation;

    iii. During their depositions or testimony, witnesses in the action to whom disclosure is reasonably necessary, as well as court reporters transcribing such depositions or testimony;

    iv. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    v. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court); and

    vi. any other person agreed to in writing by the designating party.

  b. All documents designated as "HIGHLY CONFIDENTIAL–FOR ATTORNEY OR EXPERT EYES ONLY" shall not be disclosed to any person, except:

2

      i. The requesting party's counsel, including in-house counsel;

      ii. Employees and agents of such counsel assigned to and necessary to assist in the litigation;

      iii. During their depositions or testimony, witnesses in the action to whom disclosure is reasonably necessary, as well as court reporters transcribing such depositions or testimony;

      iv. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      v. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court); and

      vi. any other person agreed to in writing by the designating party.

5. Prior to disclosing or displaying the Protected Information to any person, counsel must:

    a. Inform the person of the confidential or highly confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person, other than persons being provided the Protected Information pursuant to paragraphs 4(a)(iii) and (v) and (b)(iii) and (v), to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–FOR ATTORNEY OR EXPERT EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity

3

theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   a. In the event that a receiving party discovers what it believes to be inadvertently produced material, the receiving party will promptly notify the producing party of as much (no party will be found in violation of this Order for failing to initially identify an inadvertently produced material). After discovering, or being notified of inadvertently produced material, a receiving party may not use or disclose the material in any way and must take reasonable steps to retrieve the material if the party disclosed it before being notified of or discovering the inadvertent production. In addition, within seven (7) days of discovering or being notified of an inadvertently produced material, any receiving party must return or destroy the specified material and any copies it has and the producing party must retain a copy of the material until the resolution or termination of this action, including all appeals. The receiving party shall promptly provide written confirmation that such return or destruction of inadvertently produced material has occurred.

   b. After a document is returned or destroyed pursuant to this paragraph, any party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–FOR ATTORNEY OR EXPERT EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

/s/Philippe Zimmerman

Philippe Zimmerman
Valeria Castanaro
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
Email: pzimmerman@mosessinger.com
Email: vcastanaro@mosessinger.com

*Attorneys for Plaintiff David Wexler*

Dated: July 29, 2020

/s/ Joshua C. Krumholz

Joshua C. Krumholz (admitted *Pro Hac Vice*)
Courtney L. Batliner (admitted *Pro Hac Vice*)
Justin A. Rhuda (admitted *Pro Hac Vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
Email: joshua.krumholz@hklaw.com
Email: courtney.batliner@hklaw.com
Email: justin.rhuda@hklaw.com

*Attorneys for Defendant Hasbro, Inc*

Dated: July 29, 2020

SO ORDERED.

_____
VALERIE E. CAPRONI, U.S.D.J.

Dated: July 29, 2020  New York, New York

5

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *David Wexler v. Hasbro, Inc.* have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–FOR ATTORNEY OR EXPERT EYES ONLY" are confidential or highly confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)