

**Holland & Knight**

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Courtney L. Batliner
+1 617-305-2002
Courtney.Batliner@hklaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/16/2022

**MEMO ENDORSED**

August 13, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, New York 10007

      Re:    *Wexler v. Hasbro, Inc.*, 1:20-cv-01100 (VEC)

Dear Judge Caproni:

      We represent Defendant Hasbro, Inc. ("Hasbro") in the above-referenced civil action. We write jointly with counsel for Plaintiff David Wexler ("Wexler") (together with Hasbro, the "Parties"). Pursuant to Rule 5(B)(ii) of the Court's Individual Rules and Practices in Civil Cases and the Protective Order entered in this action (DE 27), the Parties respectfully move this Court for an order sealing certain documents filed in support of Hasbro's Reply in Support of its Motion for Summary Judgment ("Hasbro's Reply"), for the reasons set forth herein.

      The Parties engaged in meet and confer on today, August 13, 2021. Hasbro's counsel indicated an intention to file a letter motion requesting to seal certain documents that Hasbro has produced under the operative Protective Order, and certain excerpts from deposition transcripts in this case. Counsel for Wexler indicated that Wexler would not oppose such request. Wexler's counsel further indicated a desire to seal the inventor submissions that Wexler (and his father, Howard Wexler) made to Hasbro, which were recorded on Hasbro's Inventor Review Records and are central to the dispute in this action. Wexler joins in this letter motion for that purpose.

      On June 25, 2021, the Parties filed a joint letter motion seeking leave to file certain of Hasbro's summary judgment papers and related exhibits under seal and/or with redactions. *See* DE 45. On July 30, 2021, the Parties filed a joint letter motion seeking leave to file certain of Wexler's opposition papers and related exhibits under seal and/or with redactions. *See* DE 54.

      The Parties contend that good cause exists to seal certain documents filed with Hasbro's Reply for the reasons set forth herein. On July 29, 2020, the Court entered a Protective Order in this action that governs the use of confidential discovery materials. *See* DE 27. Pursuant to the Protective Order, information or materials produced by any party or nonparty as part of discovery in this action may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEY OR EXPERT EYES ONLY." *See* DE 27 at ¶ 1. Discovery between the Parties has been ongoing for over a year, and the Parties have exchanged materials and information designated

The Honorable Valerie E. Caproni
August 13, 2021
Page 2

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEY OR EXPERT EYES ONLY."

Contemporaneously with the filing of this letter motion, Hasbro is also filing (1) its Reply in Support of its Motion for Summary Judgment, which includes (a) the Declaration of Courtney L. Batliner dated August 13, 2021, together with the exhibits annexed thereto, (b) the Declaration of Matthew Shoaff and (c) an accompanying response to Wexler's Local Rule 56.1 Counter Statement of Undisputed Facts and Statement of Additional Undisputed Facts in Opposition to Defendant's Motion for Summary Judgment ("Hasbro's Reply Statement of Facts") (collectively, the "Reply Papers").

Hasbro intends to rely on and submit to this Court materials and information designated by both Parties as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – FOR ATTORNEY OR EXPERT EYES ONLY," in connection with its Reply. Pursuant to Rule 5(B)(ii) of the Court's Individual Rules and Practices in Civil Cases, the Parties write to identify the documents that they request be filed under seal, as well as the bases for sealing those documents.

The Parties respectfully submit that good cause exists for sealing the documents listed in the attached Exhibit A because (1) each of the documents identified is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEY OR EXPERT EYES ONLY" pursuant to the Protective Order; and/or (2) because the documents also fall into one of more of the following categories that further justifies sealing. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (*quoting Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) and *New York v. Actavis, PLC*, No. 14 Civ. 74732014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) for the proposition that "[a]ll of these documents 'fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.' . . . Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'").

Category 1: *Confidential business/marketing strategy documents, including internal, confidential and commercially sensitive business communications concerning marketing, existing products, and new products, and/or confidential competitive analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

This Court has recently noted that "'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard'" and that "'[d]ocuments falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021), granting motion to seal and quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). *See also Louis Vuitton Malletier*

The Honorable Valerie E. Caproni
August 13, 2021
Page 3

*S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

Category 2:  *Sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or counterparty, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future.*

Documents of this nature – ones containing information revealing the terms of such contracts or the content of such confidential negotiations – are among those this Court routinely recognizes as meriting protection from the public view when used in litigation.  *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y March 22, 2021) (granting motion to redact and seal documents containing the terms of confidential trademark licensing agreements between RBL and its licensees and noting that "[d]isclosure of these contractual terms could harm RBL and/or its business partners by disadvantaging them in negotiating future licensing agreements.  Indeed, courts in this District have granted motions to seal in order to protect these sorts of competitive interests."); *id.* at *3 (noting that redaction of "materials contain confidential information concerning marketing strategy as well as terms of agreements between RBL and its licensees and related invoices that concern the funding of the program. . . are warranted to prevent competitive harm to RBL and its business partners based on the information contained in these documents"); *Skyline Steel, LLC v. PilePro*, LLC, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal emails revealing confidential negotiations between Skyline and its customers).

Category 3:  *Highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party.*

Confidential corporate financial documents and budgets are among those documents frequently recognized by this Court as appropriately sealed.  *See*, *e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing highly proprietary material concerning the party's marketing strategies, product development, costs and budgeting); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), on reconsideration in part, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting motion to seal highly confidential sales information, including pricing information which is not available to the public).

Category 4:  *Excerpts of deposition transcripts and expert reports that include or discuss any of the above-mentioned categories.*

The deposition transcripts or expert reports that Hasbro seeks to seal contain information

The Honorable Valerie E. Caproni
August 13, 2021
Page 4

that falls into the above three categories, and thus warrants protection.  *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 U.S. Dist. LEXIS 53529 at *2 (S.D.N.Y. March 22, 2021) (granting motion to redact portions of excerpt of deposition and noting that "the proposed redactions cover material that, if disclosed, would competitively harm Flambeau. For instance, a competitor could use information concerning sales figures to upend the puzzle cube market and disrupt the Quick Cube's business model.").

Hasbro notes that the excerpts of the deposition transcripts identified in Exhibit A are so pervaded with the commercially sensitive, private information described in categories 1-3 above that redactions would be impracticable.  Accordingly, Hasbro respectfully requests that fact witness deposition transcripts remain under seal.

Accordingly, the Parties respectfully request that this Court enter an Order sealing the documents listed on Exhibit A.  The Parties thank the Court for its time and consideration.

***

Respectfully submitted,
HOLLAND & KNIGHT LLP

*/s/ Courtney L. Batliner*
Courtney L. Batliner

cc: All counsel of record (*via ECF*)

Joshua C. Krumholz (*Pro Hac Vice*)
Courtney L. Batliner (*Pro Hac Vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
Email: joshua.krumholz@hklaw.com
Email: courtney.batliner@hklaw.com

The Honorable Valerie E. Caproni
August 13, 2021
Page 5

> Robert J. Burns
> HOLLAND & KNIGHT LLP
> 31 West 52nd St.
> New York, New York 10019
> Telephone: (212) 513-3200
> Facsimile: (2112) 385-9010
> Email: robert.burns@hklaw.com
> Attorneys for Defendant Hasbro, Inc.

---

The parties' sealing requests at docket entries 45, 54, and 66 are GRANTED in part and DENIED in part.

The parties provide two reasons why they believe they have good cause to seal entirely or to redact partially the proposed documents in support of and in opposition to the pending motion for summary judgment. The parties first argue that the documents should be subject to sealing because they are designated as "confidential" or "highly confidential" pursuant to the protective order in place in this matter. *See* Request, Dkt. 45 at 2; Request, Dkt. 54 at 2; Request, Dkt. 66 at 2. But "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *First State Ins. Co. v. Nat'l Cas. Co.*, No. 13-CV-704, 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013); *Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mmgt. Co., Inc.*, No. 12-CV-3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012). Accordingly, the fact that the documents at issue are subject to certain designations under a protective order, on its own and without more, is of no moment to the Court's consideration of whether sealing is appropriate.

Under *Lugosch*, a presumption of public access applies to "judicial documents," defined as documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted). The documents at issue were all filed in connection with a pending motion before the Court and are accordingly "judicial documents" under the case law. To overcome the presumption of public access, the parties must "demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to preserve that interest." *Id.* at 120.

In the requests for sealing, the parties identify three higher values that they contend justify the proposed sealings: the protection of (1) confidential business/marketing strategy documents including sensitive business communications; (2) information pertaining to business counter parties that if made public would commercially disadvantage a party or the counter party; and (3) non-public financial information and analysis. *See* Requests, Dkts. 45, 54, 66.

The Court agrees that those values overcome the presumption of public access in this case. Accordingly, the majority of the parties' sealing requests are GRANTED. But with respect to the excerpts of the deposition transcripts, which the parties contend should be filed completely under seal, the Court finds that those proposed sealings are over broad and not narrowly tailored to preserve the identified higher values. *See* Hirtle Dep., Dkt. 53-1; Gray Dep., Dkt. 53-2; Grimes Dep., Dkt. 53-3; Berkowitz Dep., Dkt. 53-19; Grimes Dep., Dkt. 60-3; Gray Dep., Dkt. 60-2; Hirtle Dep., Dkt. 60-1; Mazel Dep., Dkt. 60-4; Berkowitz Dep., Dkt. 60-5; Hirtle Dep., Dkt. 71-2; Mazel Dep., Dkt. 71-5.

Accordingly, the parties request that those deposition excerpts be filed completely under seal is DENIED. By no later than **Friday, February 25, 2022**, the parties must refile the excerpts of the deposition transcripts with proposed redactions. The redacted text should be limited to text that implicates the three values that the parties have identified. The Court encourages the parties to propose *narrow* redactions. *See, e.g.*, Obranes Report, Dkt. 51 (redacting only information that implicates the identified values). The Court reminds the parties that their filings must comply with Rule 5(B)(iii) of the Undersigned's Individual Practices in Civil Cases.

The Clerk of Court is respectfully directed to close the open motions at docket entries 45, 54, and 66.

SO ORDERED.

Date: February 16, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE